O’Neill, J.
The question presented here is: Does the Probate Court have jurisdiction to consider a motion to vacate the probate of a will where an action to contest such will is pending in the Common Pleas Court?
Bespondents claim that if in fact the will is not the valid last will of decedent, the Probate Court had no jurisdiction to probate it, and that such court has jurisdiction after the term in which, and more than six months after, the will was probated and while a will contest is pending in the Common Pleas Court, to conduct a hearing to determine whether the purported will is a valid will and whether the Probate Court has jurisdiction to probate it.
The relators assert that the Probate Court has no jurisdiction to consider such an application and conduct a hearing upon it under circumstances related above.
The Probate Court has no jurisdiction to consider an “application to vacate probate of will and appointment of executor” filed after the term in which the order of probate was made and more than six months after the will was probated and while an action to contest the will is pending in the Common Pleas Court.
A clear statement of the law was set forth by Younger, J., in In re Estate of Hammer (1955), 99 Ohio App., 1, 130 N. E. (2d), 437, at page 5, as follows:
“Upon the certification of the will and related papers to the Common Pleas Court and until the return to the Probate *4 Court of the certificate from the Common Pleas Court as to the result of the case, that is, whether the paper writing is or is not the last will of the decedent, the Probate Court is without any jurisdiction to entertain a motion to set aside the order of probate.” (Emphasis added.)
Where a document is certified by the Probate Court to the Common Pleas Court for a determination as to whether such document is the last will of decedent, the Probate Court is without jurisdiction to consider a motion to set aside the order of probate of such document until the return to the Probate Court of the certificate from the Common Pleas Court as to the result of such determination.
Mrs. Hecht can raise all the questions, raised by her application to the Probate Court, in her will contest which is now pending in the Common Pleas Court of Cuyahoga County. The basis for not permitting a person to proceed to attack the validity of a will, which has been admitted to probate, in' both the Common Pleas Court and the Probate Court is well stated, as follows, in In re Will of Hathaway (1854), 4 Ohio, St., 383:
“An application to admit a will to probate is not an adversary proceeding. * * *
“If those who deny the validity of a will had the right to send for witnesses, and contest it on the application to admit it to probate, the statute would run into the absurdity of allowing a party two distinct courts, and two distinct modes of contesting and having an adjudication of the same fact; and the adjudication of the first tribunal, although not appealed from, no bar to the second proceeding.” (Emphasis added.)
The above statement was quoted with approval in In re Will of Elvin (1946), 146 Ohio St., 448, 66 N. E. (2d), 629, and In re Estate of Lyons (1957), 166 Ohio St., 207, 141 N. E. (2d), 151.
The judgments of the Court of Appeals allowing the writs in favor of all relators and against all respondents are affirmed.

Judgments affirmed.

Zimmerman, Taet, Matthias, Beel and Herbert, JJ., concur.